IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RADHA RAMANA MURTY NARUMANCHI and RADHA BHAVATARINI DEVI NARUMANCHI,<br><br>      Plaintiffs,<br><br>  vs.<br><br>KEVIN A. SOUZA, District Family Judge, First Circuit (Oahu)) of Hawaii State-In his personal and official capacities, et al.,<br><br>      Defendants. | CIVIL 13-00401 LEK-KSC |

**ORDER DISMISSING PRO SE PLAINTIFFS' VERIFIED COMPLAINT WITH PREJUDICE AND DENYING PLAINTIFFS' MOTIONS SEEKING <u>PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER</u>**

       On August 13, 2013, pro se Plaintiffs Radha Ramana Murty Narumanchi and Radha Bhavatarini Devi Narumanchi ("Plaintiffs") filed a Verified Complaint ("Complaint") and an Emergency Motion for Preliminary Injunction and Temporary Restraining Order ("Motion"). On August 19, 2013, Plaintiffs filed a Renewed Motion for an Emergency Preliminary Injunction and a Temporary Restraining Order Based on Plaintiffs' Verified Complaint and New Violations by Defendant Kevin A. Souza ("Renewed Motion"). The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i. After careful consideration of the

Complaint and the relevant legal authority, this Court HEREBY DISMISSES the Complaint WITH PREJUDICE for failure to state a claim upon which relief can be granted.  Further, this Court HEREBY DENIES AS MOOT Plaintiffs' Motion and Plaintiffs' Renewed Motion.

## BACKGROUND

The instant case arises from the divorce proceedings of Plaintiffs' son, Bharat Kumar Narumanchi ("Bharat Narumanchi"). Bharat Narumanchi was married to Jyothi Gunta ("Gunta") in 2007, and they had a baby girl ("LSN") in 2009. [Complaint at ¶¶ 4.3-4.4.]  According to the Complaint, Bharat Narumanchi and Gunta experienced martial difficulties after moving to Honolulu in June 2010.  [Id. at ¶ 4.6.]  Plaintiffs allege that, after acquiring her United States citizenship in April 2012 and accepting a medical residency in July 2012, Gunta "abandoned . . . her marital residence (along with LSN), on some pretext or the other."  [Id. at ¶ 4.7.]

Plaintiffs state that "on August 19, 2012, [Gunta] manipulated events in such a manner that [Bharat Narumanchi] was arrested on a misdemeanor charge" and, on August 22, 2012, Gunta obtained a temporary restraining order from the State of Hawai`i Family Court of the First Circuit ("Family Court"), which prevented Bharat Narumanchi from seeing either Gunta or LSN. [Id. at ¶¶ 4.8-4.9.]

On August 29, 2012, Bharat Narumanchi and Gunta each filed divorce proceedings against the other. On September 26, 2012, the Family Court awarded Bharat Narumanchi and Gunta joint physical and legal custody of LSN. [Id. at ¶¶ 4.10-4.11.] The defendants in the instant case are Family Court judges who presided over the divorce proceedings - Kevin A. Souza, in his individual and official capacities ("Judge Souza"), and Steven M. Nakashima, in his individual and official capacities ("Judge Nakashima"). Plaintiffs challenge various orders and rulings by Judge Souza and Judge Nakashima in which they ruled that, when Bharat Narumanchi and Gunta are unavailable and LSN's day care or preschool is closed, a third party will care for LSN at Bharat Narumanchi's expense. Judge Souza and Judge Nakashima ruled that Plaintiffs could not be LSN's caretakers. [Id. at ¶ 4.12.] Plaintiffs argue that Judge Souza and Judge Nakashima violated Plaintiffs' constitutional rights by adjudicating these issues in a case in which: Plaintiffs were not parties; Plaintiffs did not give testimony; and no expert, or other qualified witness, testified that Plaintiffs were not capable of rearing or caring for children. [Id. at ¶¶ 4.12–4.15.]

The Complaint invokes 42 U.S.C. § 1983 and seeks a preliminary injunction, temporary restraining order, and ultimately a permanent injunction, prohibiting Judge Souza and Judge Nakashima, and those acting on their behalf, from violating

Plaintiffs' constitutional rights.  The Complaint also seeks: a declaratory judgment stating that Judge Souza and Judge Nakashima violated Plaintiffs' constitutional rights; compensatory damages; punitive damages; and any other appropriate relief.  [Id. at ¶¶ 5.0-5.6.]

## DISCUSSION

At the outset, this Court notes that it must liberally construe Plaintiffs' pleadings because they are proceeding pro se.  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))).

In addition, the Court recognizes that Plaintiffs are devoted grandparents, and the Court has sympathy for their position.  It is apparent that Plaintiffs have a heart-felt desire to be part of their grandchild's life, and they have brought the instant action with the best of intentions.  Plaintiffs' attempt to vindicate their rights in this manner, however, is contrary to several well-established legal principles.

### I.  Judicial Immunity

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for

acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-54 (1967), *overruled on other grounds by* Harlow v. Fitzgerald, 457 U.S. 800 (1982). Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damage . . . [and] is not overcome by allegations of bad faith or malice . . . ." Mireles v. Waco, 502 U.S. 9, 11 (1991).

> The doctrine of absolute judicial immunity is based on the policy that "judges should be at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967) (applying judicial immunity to § 1983 action). As the United States Supreme Court explained in the case of Forester v. White:
>
>> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous, but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control and would manifestly detract them from independent and impartial adjudication.
>
> Forester v. White, 484 U.S. 219, 226-27, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).
>
> Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Id. Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (superceded by statute on other grounds). "Grave procedural

>    errors or acts in excess of judicial authority do not deprive a judge of this immunity." Id. (quoting Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988), cert. denied, 488 U.S. 995, 109 S. Ct. 561, 102 L. Ed. 2d 587 (1988)). Even if the judges acted incorrectly, with improper motive, or as part of a conspiracy, they are immune from suit for acts performed pursuant to their official functions. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (citation omitted); Pierson, 386 U.S. at 554 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly").
>
>    Two limitations on the doctrine of judicial immunity exist.
>
>    First, Judges are absolutely immune from civil liability for actions taken in their official capacities, unless committed in the complete absence of all jurisdiction. Mireles, 502 U.S. at 11-12; Stump, 435 U.S. at 360; Pierson, 386 U.S. at 554.
>
>    . . . .
>
>    Second, only judicial acts are protected by absolute judicial immunity. Mireles, 502 U.S. at 12. The United States Supreme Court in Stump explained that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362; see also Forrester, 484 U.S. at 227-229. . . .

Sakuma v. Ass'n of Condo. Owners of Tropics at Waikele ex rel. its Bd. of Dirs., Civil No. 08-00502 HG/KSC, 2009 WL 89119, at *3-4 (D. Hawai`i Jan. 13, 2009) (some alterations in Sakuma). In

6

the instant case, the doctrine of judicial immunity clearly bars Plaintiffs' claims for damages against Judge Souza and Judge Nakashima because Plaintiffs' claims are based upon actions that the judges took in their official capacities, and they did not take these actions in the complete absence of jurisdiction.

The Court CONCLUDES that Plaintiffs' claims for damages against Judge Souza and Judge Nakashima are barred as a matter of law.  The Court further FINDS that granting Plaintiffs leave to amend their claims for damages against Judge Souza and Judge Nakashima would be futile; that is, the deficiencies identified above cannot be cured by amendment.  See Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile."); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987) (stating that pro se plaintiffs must be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).  The claims for damages against Judge Souza and Judge Nakashima are therefore DISMISSED WITH PREJUDICE.

**II.   The Wilton/Brillhart Analysis**

Further, although this Court has broad discretion to issue declaratory judgments pursuant to the Declaratory Judgments Act, this Court declines to do so in this case.  The Ninth

Circuit has stated:

> The Declaratory Judgment Act uses permissive language. See 28 U.S.C. § 2201(a) (stating that federal courts " may declare the rights and other legal relations of any interested party" in a declaratory judgment action (emphasis added)). Based on the permissive nature of the Declaratory Judgment Act, in Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942), the Supreme Court held that a district court has discretion to dismiss a federal declaratory judgment action when "the questions in controversy . . . can better be settled in" a pending state court proceeding. Id. at 495, 62 S. Ct. 1173. The Court reaffirmed this principle in Wilton [v. Seven Falls Co.], holding that a district court may decline to entertain a federal declaratory judgment action when state court proceedings "present [] opportunity for ventilation of the same state law issues." 515 U.S. [277,] 290, 115 S. Ct. 2137[, 132 L. Ed. 2d 214 (1995)]. The Court has not yet delineated "the outer boundaries" of the so-called Wilton/Brillhart doctrine, id., but we have allowed district courts broad discretion as long as it furthers the Declaratory Judgment Act's purpose of enhancing "judicial economy and cooperative federalism," [Gov't Emps. Ins. Co. v.] Dizol, 133 F.3d [1220,] 1224 [(9th Cir. 1998) (en banc)].
>
> In Brillhart, the Court articulated three factors that courts should consider when examining the propriety of entertaining a declaratory judgment action: avoiding "needless determination of state law issues"; discouraging "forum shopping"; and avoiding "duplicative litigation." See Dizol, 133 F.3d at 1225. Although courts may also consider a number of other factors, the three "Brillhart factors remain the philosophic touchstone" for the Wilton/Brillhart analysis, id. . . .

R.R. Street & Co. Inc. v. Transp. Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011) (some alterations in R.R. Street). If this Court

ruled upon Plaintiffs' claim for declaratory relief, it would: involve the needless determination of family issues, which are issues of Hawai`i law; encourage Plaintiffs and other parties involved in similar proceedings to engage in forum shopping; and create duplicative litigation.  Insofar as all of the Brillhart factors weigh against entertaining Plaintiffs' claim for declaratory relief, this Court DISMISSES Plaintiffs' claim for declaratory relief.  Further, the dismissal is WITH PREJUDICE because this Court finds that Plaintiffs cannot amend their claim for declaratory relief in such a way as to warrant retaining the case under the Wilton/Brillhart analysis.  See Flowers, 295 F.3d at 976; Tripati, 821 F.2d at 1370.

**III. Claim for Injunctive Relief under 42 U.S.C. § 1983**

Plaintiffs' claim for injunctive relief is barred by 42 U.S.C. § 1983 itself, which states, in pertinent part, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Plaintiffs do not allege that Judge Souza and Judge Nakashima violated a declaratory ruling, and, although this Court had elected not to decide Plaintiffs' claim for declaratory relief, declaratory relief is available.  Plaintiffs therefore cannot bring a § 1983 claim for injunctive relief against Judge Souza and Judge Nakashima, and

this Court DISMISSES Plaintiffs' § 1983 claim for injunctive relief.  Further, the dismissal is WITH PREJUDICE because this Court finds that Plaintiffs cannot cure the defects in their § 1983 claim for injunctive relief by amendment.  See Flowers, 295 F.3d at 976; Tripati, 821 F.2d at 1370.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Verified Complaint, filed August 13, 2013, is HEREBY DISMISSED WITH PREJUDICE.  Further, Plaintiffs' Emergency Motion for Preliminary Injunction and Temporary Restraining Order, filed August 13, 2013, and Plaintiffs' Renewed Motion for an Emergency Preliminary Injunction and a Temporary Restraining Order Based on Plaintiffs' Verified Complaint and New Violations by Defendant Kevin A. Souza, filed August 19, 2013, are HEREBY DENIED AS MOOT.

The Clerk of Court is directed to (1) serve the present Order on State of Hawai`i Attorney General David Louie, who in turn is asked to notify Judge Souza and Judge Nakashima that this Order has been entered, and (2) close this case.

IT IS SO ORDERED.

//

DATED AT HONOLULU, HAWAII, August 21, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RADHA RAMANA MURTY NARUMANCHI, ET AL. V. KEVIN A. SOUZA, ET AL; CIVIL NO. 13-00401 LEK-KSC; ORDER DISMISSING PRO SE PLAINTIFFS' VERIFIED COMPLAINT WITH PREJUDICE AND DENYING PLAINTIFFS' MOTIONS SEEKING PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**